UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>          Plaintiff,<br><br>   v.<br><br>G. MARSHALL,<br>          Defendant. | NO. CV 15-8079 DDP (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), Plaintiff's objections (Dkt. No. 42), Plaintiff's motion to amend his opposition to the motion for summary judgment (Dkt. No. 43) and Defendant's opposition to that motion (Dkt. No. 44). The Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

As summarized in the Report, Defendant found Plaintiff guilty at a disciplinary hearing. Plaintiff's appeal was denied at the third level of review on June 8, 2015. (FAC at 5, 8 & Exhs. A, C.) Plaintiff alleges that, on June 19, 2015, Defendant retaliated against him by placing him in administrative segregation ("Ad-Seg"). (*Id.* at 5, 8-9 & Exhs. A, D.) The FAC attached the Administrative Segregation Unit Placement Notice, which states that Plaintiff was placed in Ad-Seg due to "enemy concerns" based on a fight between Plaintiff and another inmate on June 19, 2015,

pending review by the Institutional Classification Committee.[1]  (*Id.* at 38.)

In his objections, Plaintiff does not dispute that his retaliation claim was unexhausted at the third and final level.  (Obj. at 8.)

Plaintiff argues that he nevertheless "exhausted his retaliation claim by putting the Defendant on notice and requesting no retaliatory action" in his appeal from the disciplinary hearing.  (*Id.*)  Plaintiff attaches his appeal from the disciplinary hearing presided over by Defendant.  The appeal, dated October 28, 2014, requested "that no reprisal follow this appeal i.e., adverse or non-adverse transfer, destruction of personal property, denial of access to the court, and denial of mental health treatment."  (Obj., Exh. A at 3.)  Plaintiff's argument is rejected.  A grievance must "describe the specific issue under appeal and the relief requested."  15 Cal. Code Regs. § 3084.2(a).  "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602."  *Id.* § 3084.1(b).  The appeal from the disciplinary hearing is dated over seven months before Plaintiff's placement in Ad-Seg on June 19, 2015.  It does not mention Plaintiff's placement in Ad-Seg on June 19, 2015 as a specific issue under appeal and does not request any relief as to that placement.  It cannot be used to exhaust remedies as to a later event.

Plaintiff's motion to amend his opposition to the motion for summary judgment does not add new material information.  The Report noted the parties' agreement that Plaintiff attempted to appeal his placement in Ad-Seg on June 19, 2015 by submitting an appeal in Appeal Log No. LAC-X-15-03042 on August 3, 2015.  (Report at 7.)  The appeal was screened out on August 15, 2015 because, among other things, the appeal was filed more than 30 days after the incident and was therefore untimely.  On September 25, 2015, Plaintiff resubmitted the appeal, which was screened out as

---

[1] Plaintiff attaches, as Exhibit B to his objections, a correctional sergeant's report of an interview with Plaintiff on September 25, 2015 in connection with his housing. According to that report, Plaintiff denied affiliation with "BGF" and denied having enemy concerns with the "BGF."

untimely on October 2, 2015 because it was resubmitted more than 30 days after the August 15, 2015 screen out order. Plaintiff was told to "Explain time constraint violation." (*Id.* at 8.) The Report found no evidence that Plaintiff responded to the October 2, 2015 screen-out or otherwise provided an explanation as to why he missed the 30-day deadline. (*Id.*)

  Plaintiff's motion to amend his opposition does not dispute these findings. Rather, Plaintiff points out that, in connection with a different grievance that is not at issue in this case, Log No. LAC-15-01866, he appealed on November 29, 2015. The prison's third level response on February 25, 2016, granted his appeal and found that he had not had an opportunity to submit that grievance within the prescribed time limits due to his transfer to a health care facility and mental health crisis bed during the period July 19 through September 21, 2015. The prison agreed to process a grievance in Log No. LAC-15-01866 if he filed it within 30 days after the prison's third level response. (Exh. I at 1 to Motion to Amend.)

  Contrary to Plaintiff's argument, the prison's response to Plaintiff's third level appeal in Log No. LAC-15-01866 does not support an argument that the administrative remedies were effectively unavailable to him as to the grievances in this case. Plaintiff was able to appeal the cancellation of his grievance in Log No. LAC-15-01866 and explain the reasons for his untimeliness, and he was successful. This indicates that Plaintiff was capable of appealing the untimeliness and that prison officials did not thwart his use of the exhaustion procedures. *Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016).

  Plaintiff argues that the prison suspended the time limitations for his disciplinary hearing in a memorandum dated June 23, 2015, until he returned to the prison from the California Health Care Facility. (Exh. H to Motion to Amend.) The memorandum did not, by its terms, suspend the time limitations for his grievances. A "court may not excuse a failure to exhaust." *Ross*, 136 S. Ct. at 1856. Once a defendant proves that there was an available administrative remedy that was not

exhausted, the burden shifts to the prisoner to show that the administrative remedies were effectively unavailable to him. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). While his successful appeal in Log No. LAC-15-01866 and the June 23, 2015 memorandum suggest that Plaintiff would likely have been successful had he responded with an explanation for his untimeliness in the grievances in this case, Plaintiff did not do so.

Plaintiff's remaining objections are without merit.

IT IS ORDERED that Defendant's motion for summary judgment is granted and that Judgment be entered dismissing this action for failure to exhaust remedies.

DATED: 11-8-18

DEAN D. PREGERSON
United States District Judge